IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| RAUL GONZALEZ, et.al. | § § § | |
| vs. | § § | Civil Action No. _____ |
| FIDELITY EXPLORATION & PRODUCTION COMPANY | § § § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Pursuant to 28 U.S.C. §§1441 and 1446, Defendant, Fidelity Exploration & Production Company hereby removes this action to this Court, on the basis of diversity jurisdiction, and in support thereof shows as follows:

**I.
Underlying State Court Suit
Made the Basis of this Removal**

1. This action was filed on December 28, 2011 in the 398th Judicial District Court, Hidalgo County, Texas as Cause No. C-3677-11-I. The "Plaintiffs' Original Petition" improperly names the Defendant in this case as "Fidelity Oil Exploration and Production Company". The proper name is Fidelity Exploration and Production Company. While the "Plaintiffs' Original Petition" was filed on December 28, 2011, proper Citation was not issued to the proper name of Fidelity Exploration and Production Company until January 13, 2012.

2.      Fidelity Exploration and Production Company did not receive a copy of the summons and a copy of the complaint (or "Plaintiff's Original Petition") until January 18, 2012. Therefore, January 18, 2012 is the trigger date for the removal deadline.

3.      Because the underlying action was filed in the 398th Judicial District Court, Hidalgo County, Texas, the United States District Court for the Southern District of Texas - McAllen Division embraces the place where this action was filed. See 28 U.S.C. §1441(a).

4.      The Docket Sheet for Cause No. C-3677-11-I before the 398th Judicial District Court, Hidalgo County, Texas identifies that Citation was served on January 18, 2012. Defendant (Fidelity) has filed this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b).

## II.
## Diversity Jurisdiction Exists

5.      Removal is proper because there is complete diversity between all parties. 28 U.S.C. §1332(a); *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995). The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties, in that Fidelity is now, and was at the time this action was commenced, diverse in citizenship from every Plaintiff. See 28 U.S.C. §1332.

   **A.     Plaintiffs are Texas Citizens.**

6.      Plaintiffs are individuals who are citizens of Texas. Specifically, the "Plaintiffs' Original Petition" identifies sixty-eight (68) separate Plaintiffs and expressly represents that each Plaintiff is a resident of Penitas, Hidalgo County, Texas as follows:

   1.   Raul Gonzalez
   2.   Dora Cantu
   3.   Jennifer Garcia
   4.   Juanita Garcia

5. Baldemar & Rosalva Guajardo
6. Sylvestre & Dora Lopez
7. Salvador Cornejo
8. Guadalupe Moreno
9. Maribel Pena
10. Nancy Alanis
11. Jose Maria Flores
12. Glendy Gutierrez
13. Jorge A. Hernandez
14. Maria Lopez
15. Gerardo Padilla
16. Mario G. Pina
17. Jorge Ramirez
18. Marissa Rios
19. Jorge Ruvalcaba
20. Juan Salgado
21. Felipe Del Angel
22. Rene Flores
23. Juan Gomez
24. Nora Hinojosa
25. Abraham Perez
26. Martha Saldivar
27. Jose & Juana De La Fuente
28. Idalia Garza
29. Eliud Lopez
30. Leonardo & Velia Silva
31. Rosario Garcia
32. Norma Garcia
33. Arnulfo Cantu
34. Baldemar Guajardo
35. Jose Manuel Garza
36. Anselmo Gonzalez
37. Jose & Maria Cantu
38. Oscar Cantu
39. Guadalupe Garcia
40. Jose Reyes Salinas
41. Juan & Lettisia Vivas
42. Jesus & Marianela Hinojosa
43. Pedro Villalon
44. Jose & Sandra Cantu
45. Ramon Gonzalez, Jr.
46. Domingo Garza, Jr.
47. Norma L. Perales
48. Erasmo & Aleida Vasquez
49. Jorge & Gloria De Leon
50. Antonio Villarreal
51. Daysi Nunez
52. Pablo Fuentes
53. Luis Vidal Ramirez
54. Robert & Diana
55. Pedro & Leticia Tovar
56. Marissa Silva
57. Jose & Maria Cantu

58. Rosa M. Padron
59. Abundio Mendiola
60. Jose Luis Rios, Jr.
61. Lee & Anabel Martinez
62. Domingo & Hortencia Garza
63. Julian Lopez
64. Ricardo Benitez
65. Miriam Robles
66. Juan Jose Villarreal
67. Jose & Benita Gonzalez
68. Maria Sanchez

  **B. Fidelity Exploration and Production Company is Not a Texas Citizen, But Rather, is a Citizen of Delaware and Colorado**

7. Fidelity Exploration & Production Company ("Fidelity") is the Defendant. Fidelity is not a citizen of the State of Texas. Fidelity was incorporated in the State of Delaware. Further, Fidelity's principal place of business is Denver, Colorado. *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010).[1]

8. Therefore, complete diversity of citizenship exists between Plaintiffs and Fidelity.

  **C. The Amount in Controversy Exceeds $75,000.00.**

9. It is facially apparent from the "Plaintiffs' Original Petition" that the claim for damages and relief exceeds the sum of $75,000.00, exclusive of interest, costs and attorneys fees[2]. In "Plaintiffs' Original Petition" sixty-eight (68) separate individuals are seeking recovery of monetary damages against Fidelity. Specifically, the "Plaintiffs' Original Petition" seeks monetary damages from Fidelity with respect to alleged damage to the real property and

---

[1] A corporation is a citizen of both the state where it was incorporated and the state where it has its principal place of business. *See Getty Oil Corp v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988); *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010).

[2] Defendant denies that Plaintiffs are entitled to the damage claims sought.

improvements owned by Plaintiffs[3]. Plaintiffs also seek damages for loss of use and enjoyment (past and future) loss of fair market value of real property and exemplary damages. It is facially apparent from the terms of the "Plaintiffs' Original Petition" that the claim for damages exceeds the sum of $75,000.00. The causes of action asserted by the sixty-eight (68) Plaintiffs against Fidelity are:

      a.    negligence; and

      b.    gross negligence; and

      c.    nuisance

10.    In the nuisance claims asserted by the Plaintiffs (in Section VII of the "Plaintiffs'

Original

Petition), each Plaintiff complains that Fidelity should respond in damages to each Plaintiff as a result of each of the following separate complaints made by each Plaintiff:

      a.    the alleged interruption of their daily lives[4];

      b.    allegedly being "subjected to constant hissing of pipelines, pipe pressure releases and generator noise at all hour of the day and night"[5];

      c.    an allegation that "Plaintiffs have young child (sic) that has also suffered from the inability to sleep."[6]

      d.    allegations that the alleged acts and/or omissions of Defendant "has

---

[3] Paragraph V, Page 7 of the "Plaintiffs' Original Petition" states:

> "As a direct and proximate result of Defendant, Fidelity's negligent conduct in performing oil drilling, exploration, and production in the adjoining land in Penitas, Texas, the Plaintiffs' property was damaged, as set out in Paragraph VIII below."

[4] Paragraph 10 of the "Plaintiffs' Original Petition."

[5] Paragraph 10 of the "Plaintiffs' Original Petition."

[6] Paragraph 10 of "Plaintiffs' Original Petition."

caused unreasonable discomfort and annoyance to the Plaintiffs[7]";

    e.    allegations that the alleged acts and/or omissions of Defendant have allegedly "not allowed (Plaintiffs) to peacefully sleep in their home and prevented (Plaintiffs) from using the use and enjoyment of their homes in the past"[8];

    f.    allegations that the alleged acts and/or omissions of Defendants will allegedly prevent Plaintiffs from the use and enjoyment of their homes in the future[9]

11.    Section VIII of the "Plaintiffs' Original Petition" further demonstrates that is facially apparent that the claim for damages exceeds the minimum jurisdictional threshold of $75,000.00 as each of the sixty-eight (68) Plaintiffs seeks damages for each of the following:

    a.    alleged damage(s) to homes as a result of alleged acts of negligence and gross negligence, including damage claims for:

        1.    alleged cracked walls;

        2.    alleged cracked ceilings;

        3.    alleged cracked tiles;

        4.    alleged cracked windows;

        5.    alleged cracks around windows;

        6.    alleged cracks in foundations;

        7.    alleged cracks to exterior walls[10]

    b.    alleged damages(s) to each Plaintiff for alleged loss of use and enjoyment in their property "for the past several months."[11];

---

[7]    Paragraphs 10 and 11 of "Plaintiffs' Original Petition."

[8]    Paragraphs 10 and 11 of "Plaintiffs' Original Petition."

[9]    Paragraphs 10 and 11 of "Plaintiffs' Original Petition."

[10]    Paragraph VIII of the "Plaintiffs' Original Petition."

[11]    Paragraph VIII of the "Plaintiffs' Original Petition."

   c. alleged damage(s) to each Plaintiff for alleged loss of use and enjoyment of their property into the future.[12]

12. Section VIII of the "Plaintiffs' Original Petition" further demonstrates that is facially apparent that the claim for damages exceeds the minimum jurisdictional threshold of $75,000.00 as each of the sixty-eight (68) Plaintiffs seek damages for alleged loss of market value as to each of their homes.[13] Therefore, in addition to alleged costs of repairs and alleged individual damages for alleged loss of use and enjoyment, each Plaintiff also asserts as a damage claim the alleged loss of market value of their real property. This necessarily requires a consideration of the fair market value of each tract of real property. Because this litigation is in its inception, the sole information available to Fidelity at this time is the information set forth below that identifies the tax-assessed value of each of the Plaintiffs' real property as reported by the Hidalgo County Appraisal District.[14]

| | **Owner Name** | **Property Address** | **Tax-Assessed Value**[15] |
|---|---|---|---|
| 1. | Raul Gonzalez | 1101 Nugget Street | $162,510 |
| 2. | Dora Cantu | 1200 Nugget Street | $ 47,148.00 |
| 3. | Jennifer Garcia | 1606 Nugget Street | $132,362.00 |
| 4. | Juanita Garcia | 1402 Nugget Street | $ 97,108.00 |
| 5. | Baldemar & Rosalva Guajardo | 1303 Nugget Street | $ 94,003.00 |
| 6. | Sylvestre & Dora Lopez | 1304 Nugget Street | $ 87,736.00 |

---

[12] Paragraph VIII of the "Plaintiffs' Original Petition."

[13] Paragraph VIII of the "Plaintiffs' Original Petition" expressly states as follows:

> "In addition, the negligence, gross negligence, and continued nuisance of the oil drilling, exploration and production have caused a loss of real estate value to Plaintiffs' homes."

[14] Pursuant to FEDERAL RULES OF CIVIL EVIDENCE 803(6) "Records of Regularly Conducted Activity"; 803(8) Public Records and Reports; 803(14) "Records of Documents affecting interest in property" this Court is able to consider the tax-assessed values of each of Plaintiffs' real property and improvements in question. The specific data as to each Plaintiff's home is attached hereto as **Exhibits I(1) to I(68)** and incorporated by reference as if set forth fully at length.

[15] The "Tax Assessed Value" is obtained from the Hidalgo County Appraisal District by and through its official website, www.hidalgoad.org.

| # | Name | Address | Value |
|---|---|---|---|
| 7. | Salvador Cornejo[16] | No Address Listed | |
| 8. | Guadalupe Moreno | 1201 Nugget Street | $108,315.00 |
| 9. | Maribel Pena | 1101 Nugget Street | $162,510.00 |
| 10. | Nancy Alanis | 1205 Marble Street | $115,675.00 |
| 11. | Jose Maria Flores | 1404 Marble Street | $115,450.00 |
| 12. | Glendy Gutierrez | 1608 Marble Street | $133,632.00 |
| 13. | Jorge A. Hernandez | 1300 Marble Street | $136,758.00 |
| 14. | Maria Lopez | 1609 Marble Street | $134,465.00 |
| 15. | Gerardo Padilla | 1403 Marble Street | $156,569.00 |
| 16. | Mario G. Pina | 1402 Marble Street | $ 77,473.00 |
| 17. | Jorge Ramirez | 1301 Marble Street | $125,496.00 |
| 18. | Marissa Rios | 1500 Marble Street | $123,416.00 |
| 19. | Jorge Ruvalcaba | 1502 Marble Street | $109,803.00 |
| 20. | Juan Salgado | 1303 Marble Street | $169,130.00 |
| 21. | Felipe Del Angel | 1400 Platinum Street | $ 87,847.00 |
| 22. | Rene Flores | 1304 Platinum Street | $ 77,686.00 |
| 23. | Juan Gomez | 1402 Platinum Street | $112,619.00 |
| 24. | Nora Hinojosa | 1501 Platinum Street | $119,526.00 |
| 25. | Abraham Perez | 1404 Platinum Street | $ 93,161.00 |
| 26. | Martha Saldivar | 1305 Platinum Street | $157,682.00 |
| 27. | Jose & Juana De La Fuente | 1601 North 11th Street | $122,630.00 |
| 28. | Idalia Garza | 1403 11th Street | $120,351.00 |
| 29. | Eliud Lopez | 1507 11th Street | $124,621.00 |
| 30. | Leonardo & Velia Silva | 1501 11th Street | $ 39,846.00 |
| 31. | Rosario Garcia | 1404 Ignite Street | $116,001.00 |
| 32. | Norma Garcia | 1100 Opal Street | $106,238.00 |
| 33. | Arnulfo Cantu | 1205 Nugget Street | $ 98,293.00 |
| 34. | Baldemar Guajardo | 1305 Nugget Street | $ 65,004.00 |
| 35. | Jose Manuel Garza | 1200 Marble Street | $ 73,027.00 |
| 36. | Anselmo Gonzalez | 1202 Marble Street | $ 70,243.00 |
| 37. | Jose & Maria Cantu | 1202 Opal Street | $ 88,717.00 |
| 38. | Oscar Cantu | 1204 Nugget Street | $ 84,062.00 |
| 39. | Guadalupe Garcia | 1400 Nugget Street | $ 86,795.00 |
| 40. | Jose Reyes Salinas | 1709 Nugget Street | $135,258.00 |
| 41. | Juan & Lettisia Vivas | 1101 Marble Street | $119,855.00 |
| 42. | Jesus & Marianela Hinojosa | 1801 11th Street | $ 68,989.00 |
| 43. | Pedro Villalon | 1405 Platinum Street | $107,359.00 |
| 44. | Jose & Sandra Cantu | 1802 Opal Street | $ 81,871.00 |
| 45. | Ramon Gonzalez, Jr | 1201 Opal Street | $102,918.00 |
| 46. | Domingo Garza, Jr | 1405 Jade Street | $112,422.00 |
| 47. | Norma L. Perales | 1401 Jade Street | $ 66,697.00 |
| 48. | Erasmo & Aleida Vasquez | 1505 Jade Street | $ 81,268.00 |
| 49. | Jorge & Gloria De Leon | 1802 Quartz Street | $132,036.00 |
| 50. | Antonio Villarreal | 1602 Uranium Street | $ 98,678.00 |
| 51. | Daysi Nunez | 1301 Ignite Street | $ 85,355.00 |
| 52. | Pablo Fuentes | 1201 Jade Street | $ 50,392.00 |
| 53. | Luis Vidal Ramirez | 1503 Rudy Street | $ 99,759.00 |
| 54. | Robert & Diana | 1501 Nugget Street | $ 87,750.00 |
| 55. | Pedro & Leticia Tovar | 1708 Sapphire Street | $116,387.00 |

---

[16] The Hidalgo County Appraisal District did not have information as to this Plaintiff as of the date of the filing of this "Notice of Removal."

| | | | |
|---|---|---|---|
| 56. | Marissa Silva | 1502 Rudy Street | $149,565.00 |
| 57. | Jose & Maria Cantu | 2305 11th Street | $ 17,680.00 |
| 58. | Rosa M. Padron | 1305 Jade Street | $ 73,612.00 |
| 59. | Abundio Mendiola | 1604 Quartz Street | $154,249.00 |
| 60. | Jose Luis Rios, Jr | 1401 Platinum | $123,764.00 |
| 61. | Lee & Anabel Martinez | 1602 Quartz Street | $103,044.00 |
| 62. | Domingo & Hortencia Garza | 1402 Jade Street | $ 63,277.00 |
| 63. | Julian Lopez | 1504 Jade Street | $119,705.00 |
| 64. | Ricardo Benitez | 1506 Jade Street | $122,204.00 |
| 65. | Miriam Robles | 1705 Platinum Street | $ 98,542.00 |
| 66. | Juan Jose Villarreal | 1607 Uranium Street | $ 92,709.00 |
| 67. | Jose & Benita Gonzalez | 1503 Platinum Street | $151,642.00 |
| 68. | Maria Sanchez | 1803 North 11th Street | $ 78,646.00 |

13. Each Plaintiff brings suit against Fidelity and seeks damages with respect to their real property and improvements as follows:

   a. physical damage(s) to their homes, including:

   1. alleged cracked walls;
   2. alleged cracked ceilings;
   3. alleged cracked tiles;
   4. alleged cracked windows;
   5. alleged cracks around windows;
   6. alleged cracks in foundations;
   7. alleged cracks to exterior walls[17]

   b. decrease in the market value of each home;

   c. alleged loss of use and enjoyment in the past allegedly suffered by each Plaintiff;

   d. alleged loss of use and enjoyment in the future allegedly suffered by each Plaintiff;

and   e. exemplary damages[18]

14. With respect to the alleged damages related to the real property and improvements, Plaintiffs' tax-assessed values as to each of their tracts of real property make it facially apparent that the amount in controversy exceeds $75,000.00 exclusive of interest, costs, and attorneys

---

[17] Paragraph VIII of the "Plaintiffs' Original Petition."

[18] See Paragraph IX, Page 9 of "Plaintiffs' Original Petition" where each Plaintiff asserts a claim for exemplary damages.

fees. By the express terms of the "Plaintiffs' Original Petition" the Plaintiffs call into question the value of their property and claim that there has been a loss in market value to the real property in addition to alleged physical damage(s) to the real property. *See Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 641 (5th Cir. 2003) (noting, "it is well established that the amount in controversy is measured by the value of the object of the litigation") (*quoting Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S.Ct., 2434, 53 L.Ed.2d 383 (1977)) and also *Beacon Constr. Co., Inc. v. Matco Elec. Co., Inc*., 521 F.2d 392, 399 (2nd Cir. 1975)("The amount in controversy is not necessarily the money judgment sought or recovered, but rather the value of the consequences which may result from the litigation.") When coupling the claim for loss of fair market value of the property, with the claims brought by Plaintiff that there is an alleged physical damage (cost of repairs) to property, it is facially apparent that the amount in controversy asserted by Plaintiffs exceeds $75,000.00 - even before considering the allegations by Plaintiffs that are alleged, additional damages for alleged loss of use and enjoyment.

15. Further, if the Plaintiffs contend that the damage claim being asserted does not exceed $75,000.00, Fidelity requests that each Plaintiff enter into a stipulation that a claim for damages is not being asserted for a sum in excess of $74,999.99.[19]

---

[19] To the extent that the Plaintiffs seek to argue that diversity jurisdiction does not exist on the grounds that the amount in controversy does not exceed $75,000.00, then Defendant respectfully requests that each Plaintiff enter into a binding, sworn stipulation that their claims for damages do not exceed $75,000.00, exclusive of interest, costs and attorneys fees. *See Matney v. Wenger Corp.*, 957 F.Supp. 942, 943 (S.D. Tex. 1997) wherein the Southern District of Texas provided as follows:

> "the Court will remand this action if the Plaintiffs file an affidavit swearing that they will *never* request nor collect more than $74,999.99 from the Defendant in this or any remanded action for the injuries that made the basis of this suit. The Plaintiffs are cautioned that if the case is remanded under these circumstances, the Court will retain

# III.
# Other Procedural Matters

16. Pursuant to 28 U.S.C. §1446(a) and Local Rule LR81 of the Southern District of Texas, Fidelity has attached hereto:

   a. All executed process in this case;

   b. Pleadings, asserting causes of action, e.g. petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings;

   c. All orders signed by the state judge;

   d. The Docket Sheet from the 398th Judicial District Court, Hidalgo County, Texas in Cause No. C-3677-11-I;

   e. An index of matters being filed; and

   f. A list of all counsel of record, including addresses, telephone numbers and parties represented.

17. The Index attached hereto contains the following:

   Notice of Removal Action under 28 U.S.C.§1446(a)

---

plenary jurisdiction over the matter to enforce Plaintiffs' sworn representation in perpetuity, and if the Plaintiffs ever seek more than $74,999.99 from the Defendant....."

*See also, Martinez v. BAC Home Loans Servicing, LP,* 777 F.Supp2nd 1039, 1044-45 (W.D. Tex. 2010):

"The plaintiff can show his claims are actually less than the jurisdictional amount by filing a binding stipulation or affidavit with the petition prior to removal stating he does not seek and will not accept any award in excess of the jurisdictional amount............. However, if the plaintiff does not so stipulate and the amount in controversy is ambiguous at the time of removal, the Court may consider a post-removal stipulation to clarify the ambiguity by determining the amount which was in controversy as of the date of the removal."

*Also see generally, In re: 1994 Exxon Chem. Fire v. Berry,* 558 F.3d 378 (5th Cir. La. 2009).

**Exhibit A** -   Index of Documents Being Filed With Removal Action

**Exhibit B** -   List of Counsel of Record

**Exhibit C** -   State Court Docket Sheet from Cause NO. C-3677-11-I before the 398th Judicial District Court, Hidalgo County, Texas

**Exhibit D** -   Plaintiff's Original Petition

**Exhibit E** -   Citation Return (**unserved**) dated January 5, 2012 as to improperly named Defendant, Fidelity Oil Exploration and Production Company.

This was returned to counsel for Plaintiff, Ortiz & Millin, L.P., by CT Corporation as not being served. CT Corporation explained that no service occurred on January 5, 2012 due to the fact that "Fidelity Oil Exploration and Production Company" is not listed on CT Corporation's records or the records of the State of Texas. Thereafter, Citation was issued as to the proper name, Fidelity Exploration and Production Company as set forth below in Exhibit F

**Exhibit F** -   Citation Returned served dated January 13, 2012 identifying date of service of January 18, 2012 upon Fidelity Exploration and Production Company

**Exhibit G** -   Defendant's Original Answer

**Exhibit H** -   Civil Cover Sheet

**Exhibit I (1-68)**

Hidalgo County Appraisal District Tax Assessed
Value Reports as to each named Plaintiff
    (source: www.hidalgoad.org).

      I - 1    Raul Gonzalez
      I - 2    Dora Cantu
      I - 3    Jennifer Garcia
      I - 4    Juanita Garcia
      I - 5    Baldemar & Rosalva Guajardo
      I - 6    Sylvestre & Dora Lopez
      I - 7    Salvador Cornejo
      I - 8    Guadalupe Moreno
      I - 9    Maribel Pena
      I -10   Nancy Alanis

| | |
|---|---|
| I - 11 | Jose Maria Flores |
| I - 12 | Glendy Gutierrez |
| I - 13 | Jorge A. Hernandez |
| I - 14 | Maria Lopez |
| I - 15 | Gerardo Padilla |
| I - 16 | Mario G. Pina |
| I - 17 | Jorge Ramirez |
| I - 18 | Marissa Rios |
| I - 19 | Jorge Ruvalcaba |
| I - 20 | Juan Salgado |
| I - 21 | Felipe Del Angel |
| I - 22 | Rene Flores |
| I - 23 | Juan Gomez |
| I - 24 | Nora Hinojosa |
| I - 25 | Abraham Perez |
| I - 26 | Martha Saldivar |
| I - 27 | Jose & Juana De La Fuente |
| I - 28 | Idalia Garza |
| I - 29 | Eliud Lopez |
| I - 30 | Leonardo & Velia Silva |
| I - 31 | Rosario Garcia |
| I - 32 | Norma Garcia |
| I - 33 | Arnulfo Cantu |
| I - 34 | Baldemar Guajardo |
| I - 35 | Jose Manuel Garza |
| I - 36 | Anselmo Gonzalez |
| I - 37 | Jose & Maria Cantu |
| I - 38 | Oscar Cantu |
| I - 39 | Guadalupe Garcia |
| I - 40 | Jose Reyes Salinas |
| I - 41 | Juan & Lettisia Vivas |
| I - 42 | Jesus & Marianela Hinojosa |
| I - 43 | Pedro Villalon |
| I - 44 | Jose & Sandra Cantu |
| I - 45 | Ramon Gonzalez, Jr. |
| I - 46 | Domingo Garza, Jr. |
| I - 47 | Norma L. Perales |
| I - 48 | Erasmo & Aleida Vasquez |
| I - 49 | Jorge & Gloria De Leon |
| I - 50 | Antonio Villarreal |
| I - 51 | Daysi Nunez |
| I - 52 | Pablo Fuentes |
| I - 53 | Luis Vidal Ramirez |
| I - 54 | Robert & Diana |

        I -55   Pedro & Leticia Tovar
        I - 56  Marissa Silva
        I - 57  Jose & Maria Cantu
        I - 58  Rosa M. Padron
        I - 59  Abundio Mendiola
        I - 60  Jose Luis Rios, Jr.
        I - 61  Lee & Anabel Martinez
        I - 62  Domingo & Hortencia Garza
        I - 63  Julian Lopez
        I - 64  Ricardo Benitez
        I - 65  Miriam Robles
        I - 66  Juan Jose Villarreal
        I - 67  Jose & Benita Gonzale
        I -68   Maria Sanchez

## IV.
## Notice to Adverse Party and State Court

18.      Pursuant to 28 U.S.C. §1446(d), Fidelity will promptly give written notice of the filing of this Notice for Removal to Plaintiff and will file a copy of the Notice of Removal with the Clerk of the 398th Judicial District Court, Hidalgo County, Texas.

## V.
## Conclusion and Prayer

WHEREFORE, Defendant, Fidelity Exploration and Production Company prays that this case be removed from the 398th Judicial District Court, Hidalgo County, Texas, to this United States District Court for the Southern District of Texas - McAllen Division because there exists complete diversity between the parties. Further, in the event that the Plaintiffs seek to remand this matter on the basis of the allegation that the $75,000.00 amount in controversy prong has not been satisfied, Defendant respectfully requests sufficient opportunity to conduct discovery (including, seeking a sworn stipulation by each Plaintiff that no claim for damages is being made against Fidelity in excess of the amount of $74,999.99) in order to address any challenge to the subject matter jurisdiction of this court, as well as such other and further relief, both at law and

in equity, to which Defendant may be justly entitled.

            Respectively submitted,

         BY: /s/ Brent A. Bishop
            Brent A. Bishop
            State Bar of Texas No. 00796211
            Southern District of Texas No. 20665

            Edmundo O. Ramirez
            State Bar of Texas No. 16501420

         **ATTORNEY FOR FIDELITY EXPLORATION**
         **AND PRODUCTION COMPANY**

OF COUNSEL:
**Ellis, Koeneke, Ramirez & Bishop, L.L.P.**

Brent A. Bishop
State Bar No. 00796211
Federal ID No. 20665

Edmundo O. Ramirez
State Bar No. 16501420

1101 Chicago
McAllen, Texas 78501
(956) 682-2440 – Office
(956) 682-0820 – Fax
bab@ekrattorneys.com
eor@ekrattorneys.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing "Notice of Removal" filed by Fidelity Exploration and Production Company has on the 3rd day of February 2012, been forwarded to counsel for Plaintiff in the manner prescribed as follows:

Jose W. Hernandez
Ortiz & Millin, L.P.
1305 East Nolana Loop, Suite F
McAllen, Texas 78504
Tel: (956) 687-4567
Fax: (956) 631-1384
VIA CMMR # 7001-0320-0000-9476-1961

_____/s/_____
BRENT A. BISHOP