**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **RAUL GONZALEZ, ET AL.** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 7:12-cv-47** |
| | § | **"JURY"** |
| | § | |
| **FIDELITY EXPLORATION AND** | § | |
| **PRODUCTION COMPANY** | § | |
| | § | |
| **Defendant** | § | |

---

## PLAINTIFFS' FIRST AMENDED COMPLAINT

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **RAUL GONZALEZ, ET AL**, Plaintiffs in the above-styled and numbered cause and files this, their First Amended Complaint complaining of Defendant, **FIDELITY OIL EXPLORATION AND PRODUCTION COMPANY** and for causes of action would show the Court as follows:

## I.  PARTIES

1.1    **Plaintiff, GUADALUPE and IRAZEMA MORENO and their minor children and individuals,** residing at 1201 Nugget Street, Penitas, Hidalgo County, Texas.

1.2    **Plaintiff, RAUL and ANA LILIA GONZALEZ and their minor children and individuals,** residing at 1101 Nugget Street, Penitas, Hidalgo County, Texas.

1.3     **Plaintiff, VIDAL and DORA CANTU, and their minor children and individuals,** residing at 1200 Nugget Street, Penitas, Hidalgo County, Texas.

1.4     **Plaintiff, FELIPE and JENNIFER GARCIA, and their minor children and individuals,** residing at 1606 Nugget Street, Penitas, Hidalgo County, Texas.

1.5     **Plaintiff, JUANITA GARZA, and their minor children and individuals,** residing at 1402 Nugget Street, Penitas, Hidalgo County, Texas. Owner/Plaintiffs, Raul and Ana Lilia Gonzalez.

1.6     **Plaintiffs, BALDEMAR and ROSALVA GUAJARDO**, **and their minor children and individuals,** residing at 1303 Nugget Street, Penitas, Hidalgo County, Texas.

1.7     **Plaintiffs, SYLVESTRE and DORA LOPEZ, and their minor children and individuals,** residing at 1304 Nugget Street, Penitas, Hidalgo County, Texas.

1.8     **Plaintiff, SALVADOR CORNEJO and his spouse, and their minor children and individuals,** residing at 1505 N. 11th Street, Penitas, Hidalgo County, Texas.

1.9     **Plaintiff, FAUSTINO and MARIBEL PENA, and their minor children and individuals,** residing at 1100 Nugget Street, Penitas, Hidalgo County, Texas.

1.10    **Plaintiff, MARCO and NANCY ALANIS**, **and their minor children and individuals,** residing at 1205 Marble Street, Penitas, Hidalgo County, Texas.

1.11    **Plaintiff, JOSE MARIA FLORES and his spouse**, **and their minor children and individuals,** residing at 1404 Marble Street, Penitas, Hidalgo County, Texas.

1.12    **Plaintiff, GLENDY GUTIERREZ and her spouse**, **and their minor children and individuals,** residing at 1608 Marble Street, Penitas, Hidalgo County, Texas.

1.13    **Plaintiff, JORGE A. and HORTENCIA HERNANDEZ**, **and their minor children and individuals,** residing at 1300 Marble Street, Penitas, Hidalgo County, Texas.

1.14    **Plaintiff, SERGIO and MARIA LOPEZ**, **and their minor children and individuals,** residing at 1609 Marble Street, Penitas, Hidalgo County, Texas.

1.15    **Plaintiff, GERARDO and ANA ISABEL PADILLA**, is an individual residing at 1403 Marble Street, Penitas, Hidalgo County, Texas.

1.16    **Plaintiff, DIANA and MARIO G. PINA**, **and their minor children and individuals,** residing at 1402 Marble Street, Penitas, Hidalgo County, Texas.

1.17    **Plaintiff, NORMA and JORGE RAMIREZ**, **and their minor children and individuals,** residing at 1301 Marble Street, Penitas, Hidalgo County, Texas.

1.18    **Plaintiff, MARISSA RIOS and her spouse**, **and their minor children and individuals,** residing at 1500 Marble Street, Penitas, Hidalgo County, Texas.

1.19    **Plaintiff, JORGE LUIS RUVALCABA and his spouse**, **and their minor children and individuals,** residing at 1502 Marble Street, Penitas, Hidalgo County, Texas.

1.20    **Plaintiff, JUAN and FRANCISCA SALGADO, and their minor children and individuals,** residing at 1303 Marble Street, Penitas, Hidalgo County, Texas.

1.21    **Plaintiff, FELIPE DEL ANGEL and his spouse**, **and their minor children and individuals,** residing at 1400 Platinum Street, Penitas, Hidalgo County, Texas.

1.22    **Plaintiff, RENE FLORES and his spouse**, **and their minor children and individuals,** residing at 1304 Platinum Street, Penitas, Hidalgo County, Texas.

1.23    **Plaintiff, JUAN GOMEZ and his spouse**, **and their minor children and individuals,** residing at 1402 Platinum Street, Penitas, Hidalgo County, Texas.

1.24    **Plaintiff, ARTEMIO and NORA HINOJOSA**, **and her minor children and individuals,** residing at 1501 Platinum Street, Penitas, Hidalgo County, Texas.

1.25    **Plaintiff, ABRAHAM and MAYRA PEREZ**, **and their minor children and individuals,** residing at 1404 Platinum Street, Penitas, Hidalgo County, Texas.

1.26    **Plaintiff, MARTHA SALDIVAR and REIMUNDO SALDIVAR**, **and her minor children and individuals,** residing at 1305 Platinum Street, Penitas, Hidalgo County, Texas.

1.27    **Plaintiffs, THE DE LA PUENTE FAMILY TRUST and  JUANA DE LA FUENTE**, **and their minor children and individuals,** residing at 1601 North 11th Street, Penitas, Hidalgo County, Texas.

1.28    **Plaintiff, SANTIAGO and IDALIA GARZA, and their minor children and individuals,** residing at 1403 11th Street, Penitas, Hidalgo County, Texas.

1.29    **Plaintiff, ELIUD LOPEZ and his spouse**, **and their minor children and individuals,** residing at 1507 11th Street, Penitas, Hidalgo County, Texas.

1.30    **Plaintiffs, LEONARDO and VELIA SILVA**, **and their minor children and individuals,** residing at 1501 11th Street, Penitas, Hidalgo County, Texas.

1.31    **Plaintiff, JULIO and MARIA DEL ROSARIO GARCIA**, **and their minor children and individuals,** residing at 1404 Ignite Street, Penitas, Hidalgo County, Texas.

1.32    **Plaintiff, RAYMUNDO and NORMA GARCIA**, **and their minor children and individuals,** residing at 1100 Opal Street, Penitas, Hidalgo County, Texas.

1.33    **Plaintiff, ARNULFO and LAURA CANTU**, **and their minor children and individuals,** residing at 1205 Nugget Street, Penitas, Hidalgo County, Texas.

1.34    **Plaintiff, BALDEMAR GUAJARDO and his spouse**, **and their minor children and individuals,** residing at 1305 Nugget Street, Penitas, Hidalgo County, Texas.

1.35    **Plaintiff, JOSE MANUEL GARZA and his spouse**, **and their minor children and individuals,** residing at 1200 Marble Street, Penitas, Hidalgo County, Texas.

1.36    **Plaintiff, ANSELMO GONZALEZ and his spouse**, **and their minor children and individuals,** residing at 1202 Marble Street, Penitas, Hidalgo County, Texas.

1.37    **Plaintiffs, JOSE and MARIA DE JESUS CANTU**, **and their minor children and individuals,** residing at 1202 Opal Street, Penitas, Hidalgo County, Texas.

1.38    **Plaintiff, OSCAR CANTU and his spouse**, **and their minor children and individuals,** residing at 1204 Nugget Street, Penitas, Hidalgo County, Texas.

1.39    **Plaintiff, GUADALUPE and HERMINIA GARCIA**, **and their minor children and individuals,** residing at 1400 Nugget Street, Penitas, Hidalgo County, Texas.

1.40    **Plaintiff, JOSE REYES and SAN JUANITA SALINAS**, **and their minor children and individuals,** residing at 1709 Nugget Street, Penitas, Hidalgo County, Texas.

1.41    **Plaintiffs, JUAN and LETTISIA VIVAS**, **and their minor children and individuals,** residing at 1101 Marble Street, Penitas, Hidalgo County, Texas.

1.42    **Plaintiffs, JESUS and MARIANELA HINOJOSA**, **and their minor children and individuals,** residing at 1801 11th Street, Penitas, Hidalgo County, Texas.

1.43    **Plaintiff, PEDRO and ROSARIO VILLALON**, **and their minor children and individuals,** residing residing at 1405 Platinum Street, Penitas, Hidalgo County, Texas.

1.44    **Plaintiffs, JOSE and SANDRA CANTU**, **and their minor children and individuals,** residing at 1802 Opal Street, Penitas, Hidalgo County, Texas.

1.45    **Plaintiff, RAMON and DAISY GONZALEZ, JR.**, **and their minor children and individuals,** residing at 1201 Opal Street, Penitas, Hidalgo County, Texas.

1.46    **Plaintiff, DOMINGO and BELGICA GARZA, JR.**, **and their minor children and individuals,** residing at 1405 Jade Street, Penitas, Hidalgo County, Texas.

1.47    **Plaintiff, OSCAR and NORMA L. PERALES**, **and their minor children and individuals,** residing at 1401 Jade Street, Penitas, Hidalgo County, Texas.

1.48     **Plaintiff, ERASMO and ALEIDA VASQUEZ**, **and their minor children and individuals,** residing at 1505 Jade Street, Penitas, Hidalgo County, Texas.

1.49     **Plaintiffs, JORGE and GLORIA DE LEON**, **and their minor children and individuals,** residing at 1802 Quartz Street, Penitas, Hidalgo County, Texas.

1.50     **Plaintiff, ANTONIO and ALMA VILLARREAL**, **and their minor children and individuals,** residing at 1602 Uranium Street, Penitas, Hidalgo County, Texas.

1.51     **Plaintiff, DAYSI NUNEZ,** residing at 1301 Ignite Street, Penitas, Hidalgo County, Texas.

1.52     **Plaintiff, PABLO FUENTES and his spouse**, **and their minor children and individuals,** residing at 1201 Jade Street, Penitas, Hidalgo County, Texas.

1.53     **Plaintiff, LUIS VIDAL and ROSALINDA RAMIREZ**, **and their minor children and individuals,** residing at 1503 Ruby Street, Penitas, Hidalgo County, Texas.

1.54     **Plaintiffs, ROBERTO and DIANA RAMIREZ**, **and their minor children and individuals,** residing at 1501 Nugget Street, Penitas, Hidalgo County, Texas.

1.55     **Plaintiffs, PEDRO and LETICIA TOVAR**, **and their minor children and individuals,** residing at 1708 Sapphire Street, Penitas, Hidalgo County, Texas.

1.56     **Plaintiff, MARISSA SILVA and her spouse**, **and their minor children and individuals,** residing at 1502 Ruby Street, Penitas, Hidalgo County, Texas.

1.57     **Plaintiffs, JOSE and MARIA CANTU**, **and their minor children and individuals,** residing at 2305 11th Street, Penitas, Hidalgo County, Texas.

1.58    **Plaintiff, ROSA MARIA and MANUEL PADRON**, **and their minor children and individuals,** residing at 1305 Jade Street, Penitas, Hidalgo County, Texas.

1.59    **Plaintiff, YENICIA MENDIOLA**, **and her minor children and individuals,** residing residing at 1604 Quartz Street, Penitas, Hidalgo County, Texas.

1.60    **Plaintiff, JOSE LUIS RIOS, JR**. **and his spouse, and their minor children and individuals,** residing at 1401 Platinum Street, Penitas, Hidalgo County, Texas.

1.61    **Plaintiffs, LEE and ANABEL MARTINEZ**, **and their minor children and individuals,** residing at 1602 Quartz Street, Penitas, Hidalgo County, Texas.

1.62    **Plaintiffs, DOMINGO and HORTENCIA GARZA**, **and their minor children and individuals,** residing at 1402 Jade Street, Penitas, Hidalgo County, Texas.

1.63    **Plaintiff, JULIAN LOPEZ and his spouse**, **and their minor children and individuals,** residing at 1504 Jade Street, Penitas, Hidalgo County, Texas.

1.64    **Plaintiff, RICARDO and ABIGAIL BENITEZ**, **and their minor children and individuals,** residing at 1506 Jade Street, Penitas, Hidalgo County, Texas.

1.65    **Plaintiff, MIRIAM ROBLES and her spouse**, **and their minor children and individuals,** residing at 1705 Platinum Street, Penitas, Hidalgo County, Texas.

1.66    **Plaintiff, JUAN JOSE and GRACIELA VILLARREAL**, **and their minor children and individuals,** residing at 1607 Uranium Street, Penitas, Hidalgo County, Texas.

1.67    **Plaintiffs, JOSE and BENITA GONZALEZ**, **and their minor children and individuals,** residing at 1503 Platinum Street, Penitas, Hidalgo County, Texas.

1.68    **Plaintiff, ALBERTO and MARIA SANCHEZ**, **and their minor children and individuals,** residing at 1803 North 11th Street, Penitas, Hidalgo County, Texas.

1.69    **Plaintiff, ILEANA CANTU and her spouse**, **and their minor children and individuals,** residing at 1807 Ruby Street, Penitas, Hidalgo County, Texas.

1.70    **Plaintiff, ROBERTO and SANDRA DIMAS**, **and their minor children and individuals,** residing at 1500 Nugget Street, Penitas, Hidalgo County, Texas.

1.71    **Plaintiff, HIGINIO and DORA GARCIA**, **and their minor children and individuals,** residing at 1601 Platinum Street, Penitas, Hidalgo County, Texas.

1.72    **Plaintiff, HOMAR and DINORA RODRIGUEZ**, **and their minor children and individuals,** residing at 1706 Marble Street, Penitas, Hidalgo County, Texas.

1.73    **Plaintiff, ROBERT and DIANA TORREZ**, **and their minor children and individuals,** residing at 1806 Nugget Street, Penitas, Hidalgo County, Texas.

1.74    **Plaintiff, ELIUD and MARISA RIVERA**, **and their minor children and individuals,** residing at 1303 Ruby Street, Penitas, Hidalgo County, Texas.

1.75    **Plaintiff, ELIZABETH LONGORIA and her spouse**, **and their minor children and individuals,** residing at 1804 Platinum Street, Penitas, Hidalgo County, Texas.

1.76    **Plaintiff, ARMANDO SANCHEZ and his spouse**, **and their minor children and individuals,** residing at 1205 Opal Street, Penitas, Hidalgo County, Texas.

1.77    **Plaintiff, JUAN ALANIS and ALMA ALANIS**, **and his minor children and individuals,** residing at 1302 Ruby Street, Penitas, Hidalgo County, Texas.

1.78    **Plaintiff, YULIANA SANCHEZ and her spouse**, **and their minor children and individuals,** residing at 1602 Marble Street, Penitas, Hidalgo County, Texas.

1.79    **Plaintiff, MARTIN and SAN JUANITA CAVAZOS**, **and their minor children and individuals,** residing at 1600 Platinum Street, Penitas, Hidalgo County, Texas.

1.80    **Plaintiff, MARINA RAMIREZ and her minor children and individuals,** residing at 1703 Platinum Street, Penitas, Hidalgo County, Texas.

1.81    **Plaintiff, MARIA D. SANCHEZ and her spouse**, **and their minor children and individuals,** residing at 1402 Ruby Street, Peñitas, Hidalgo County, Texas.

1.82    **Plaintiff, CARLOS and CLAUDIA CANTU**, **and their minor children and individuals,** residing at 1901 N. 11th Street, Penitas, Hidalgo County, Texas.

1.83    **Defendant, FIDELITY OIL EXPLORATION AND PRODUCTOPN COMPANY,** is a foreign for profit corporation doing business in the State of Texas and may be served with civil process by serving it registered agent, CT Corporation System, 350 N Saint Paul Street, Suite 2900, Dallas, Texas 75201-4234.


## II.  VENUE AND JURISDICTION

All the acts and omissions that give rise to Plaintiffs' causes of action have arisen in the Southern District of Texas. Further, Defendant Fidelity Oil Production and conduct business in the Southern District of Texas.  Plaintiffs also assert that the wrongful acts of the Defendant was done in the Southern District of Texas.  Jurisdiction is proper in the Southern District of Texas.

### III.  DISCOVERY PLAN

Plaintiffs intends to conduct discovery under TRCP 190.4-Level 3 Discovery Plan.

### IV.  STATEMENT OF FACTS

4.1    On or about August 2010 through the present day, one or all of the Defendants performed and continue to perform their Drilling Activities in Penitas, Hidalgo County, Texas.  At that time, all of the Plaintiffs owned homes at the above addresses, respectively.  Bell Properties sold all residential lots to the Plaintiffs and also leased the property for the oil drilling in extremely close proximity to the Plaintiffs' residences. The oil and gas drilling company, **Fidelity Exploration & Production Co.** ("**Fidelity**"), for drilling exploration and production purposes (a/k/a/ "Drilling Activities"). In performing their Drilling Activities, **DEFENDANT, FIDELITY OIL EXPLORATION AND PRODUCTION COMPANY,** owed a duty to Plaintiffs to exercise reasonable care in their Drilling Activities so as not to substantially interfere with the Plaintiffs' enjoyment and use of their homes, including their comfort or contentment. However, Defendant breached the duty owed and created a nuisance to Plaintiffs while Defendant worked on oil exploration and production in close proximity to the Plaintiffs' homes and their work substantially interfered with Plaintiffs' use and enjoyment.  The damages were sustained by the use of heavy equipment, exploration and production activities over a year that caused a nuisance to the surrounding properties.

4.2    The Defendant's Drilling Activities were performed in an inappropriate place creating an abnormally dangerous situation, which caused an unreasonably great risk to the surrounding Plaintiffs and which substantially interfered with the Plaintiffs'

use and enjoyment and which caused the Plaintiffs damages.   The damage to the Plaintiffs' use and enjoyment of their homes was noticed several weeks after the drilling commenced in and around October 2010. The damage to Plaintiffs' use and enjoyment of their homes was not felt until several weeks after the initial drilling was commenced by Wisco Moran in last part of 2010.

      4.3    Plaintiffs seek claims for the property damage, personal injuries, negligence and nuisance from the drilling of all the wells in the property adjacent to their homes and identifies the following as the wells that were commenced or serviced since October 2010 to the present in the property adjacent to the plaintiffs homes.  The Drilling Activities that caused the Plaintiffs damage and includes but is not limited to the following wells:

**Well #1 Name: Everett Bell #12 (API 42-215-33957)**

      4.4    **Defendant, Fidelity** hired Wisco Drilling Company to drill well: *Everett Bell #12 (API 42-215-33957).* The Drilling Activities commenced on *August 8, 2010,* and the drilling phase and all service activities were completed on *September 2, 2010.* In addition**,** Halliburton Company conducted services during the drilling and exploration phase of the project and provided the cement and casing services for the oil well during the month of work on this well.   Plaintiffs and their families were subjected to the Drilling Activities on a constant basis for 24 hours and seven days a week for approximately one month. Defendant's Drilling Activities substantially affected, in an unreasonable manner, Plaintiffs' use and enjoyment of their homes.   The Defendant's conduct consisted among other things:

a.      Vibrations from the heavy machinery and equipment used in the exploration and production activities in the leased property adjacent to the Plaintiffs' homes; and

b.      Lights, equipment and drilling noise, obnoxious odors and gas fumes, dust, constant pipe hissing, and pressure releases.

4.5      The Defendants' Drilling Activities were performed in an inappropriate place creating an abnormally dangerous situation, which caused an unreasonably great risk to the surrounding Plaintiffs.

**Well #2 Name: Bell, Everett Bell #10 (API 42-215-33954)**

4.6      **Defendant, Fidelity** hired Wisco Drilling Company to drill well: *Everett Bell #10 (API 42-215-33954).* The Drilling Activities commenced on *September 24, 2010* and the drilling phase and all service activities were completed on *November 22, 2010.* In addition**,** Halliburton Company conducted services during the drilling and exploration phase of the project and provided the cement and casing services for the oil well during the month of work on this well. Plaintiffs and their families were subjected to the Drilling Activities on a constant basis for 24 hours and seven days a week for approximately one and a half months.  This well was drilled less than 20 yards from the adjoining Plaintiffs' property.   Defendant's Drilling Activities substantially affected, in an unreasonable manner, Plaintiffs' use and enjoyment of their homes.   The Defendant's conduct consisted among other things:

a.      Vibrations from the heavy machinery and equipment used in the exploration and production activities in the leased property adjacent to the Plaintiffs' homes; and

b.      Lights, equipment and drilling noise, obnoxious odors and gas fumes, dust, constant pipe hissing, and pressure releases.


4.7      The Defendants' Drilling Activities were performed in an inappropriate place creating an abnormally dangerous situation, which caused an unreasonably great risk to the surrounding Plaintiffs.

**Well #3 Name: Bell #7 (API 42-215-33955)**

4.8      **Defendant, Fidelity** hired Pioneer Drilling Services to drill well: *Bell #7 (API 42-215-33955).* The Drilling Activities commenced on *March 7, 2011* and the drilling phase and all service activities were completed on *April 8, 2011*. In addition**, Halliburton Company** conducted services during the drilling and exploration phase of the project and provided the cement and casing services for the oil well during the month of work on this well.  Plaintiffs and their families were subjected to the Drilling Activities on a constant basis for 24 hours and seven days a week for approximately one month. This well drilled by this Defendant was less than 20 yards from the Plaintiffs' adjoining property.  Plaintiffs' use and enjoyment of their homes was substantially interfered with by these Drilling Activities on a constant basis for 24 hours and seven days a week for approximately one month.  The Defendant's conduct consisted among other things:

a.      Vibrations from the heavy machinery and equipment used in the exploration and production activities in the leased property adjacent to the Plaintiffs' homes; and

b.      Lights, equipment and drilling noise, obnoxious odors and gas fumes, dust, constant pipe hissing, and pressure releases.

4.9     The Defendants' Drilling Activities were performed in an inappropriate place creating an abnormally dangerous situation, which caused an unreasonably great risk to the surrounding Plaintiffs.

**Well #4 Name: Bell Everett #11 (API 42-215-33956)**

4.10    **Defendant, Fidelity** hired Pioneer Drilling Services to drill well: *Bell, Everett #11 (API 42-215-33956)*. The Drilling Activities commenced on *April 9, 2011* and the drilling phase and all service activities were completed on *May 4, 2011*, a period of one month.  In addition**, Halliburton Company** conducted services during the drilling and exploration phase of the project and provided the cement and casing services for the oil well during the month of work on this well. The Drilling Activities occurred on a constant basis for 24 hours and seven days a week for a period of one month.  This well drilled by Defendant was less than 20 yards from the Plaintiffs' adjoining property. Defendant's Drilling Activities substantially affected, in an unreasonable manner, Plaintiffs' use and enjoyment of their homes.  The Defendant's conduct consisted among other things:

a.      Vibrations from the heavy machinery and equipment used in the exploration and production activities in the leased property adjacent to the Plaintiffs' homes; and

b.      Lights, equipment and drilling noise, obnoxious odors and gas fumes, dust, constant pipe hissing, and pressure releases.

4.11   The Defendants' drilling activities were performed in an inappropriate place creating an abnormally dangerous situation, which caused an unreasonably great risk to the surrounding Plaintiffs.

**Well #5 Name: TM West # 87 (API 42-215-33997)**

4.12   **Defendant, Fidelity** hired Innodrill LLC to drill well: *TM West #87 (API 42-215-33997)*.   The Drilling Activities were commenced on *April 11, 2011* and the drilling phase and all service activities were completed on *May 2, 2011*.   In addition**, Halliburton Company** conducted services during the drilling and exploration phase of the project and provided the cement and casing services for the oil well during the month of work on this well.   Plaintiffs and their families were subjected to the Drilling Activities on a constant basis for 24 hours and seven days a week for approximately three weeks. Defendant's Drilling Activities substantially affected, in an unreasonable manner, Plaintiffs' use and enjoyment of their homes.   The Defendant's conduct consisted among other things:

a.      Vibrations from the heavy machinery and equipment used in the exploration and production activities in the leased property adjacent to the Plaintiffs' homes; and

b.      Lights, equipment and drilling noise, obnoxious odors and gas fumes, dust, constant pipe hissing, and pressure releases.

4.13   The Defendants' Drilling Activities were performed in an inappropriate place creating an abnormally dangerous situation, which caused an unreasonably great risk to the surrounding Plaintiffs.

**Well #6 Name: TM West #86 (API 42-215-33996)**

4.14    **Defendant, Fidelity** hired Innodrill LLC to drill well: *TM West #86 (API 42-215-33996)*. The Drilling Activities were commenced on *May 4, 2011* and the drilling phase and all service activities were completed on *May 23, 2011*.   In addition**,** Halliburton Company conducted services during the drilling and exploration phase of the project and provided the cement and casing services for the oil well during the month of work on this well. Plaintiffs and their families were subjected to the drilling and exploration activities on a constant basis for 24 hours and seven days a week for approximately three weeks.   Defendant's drilling activities substantially affected, in an unreasonable manner, Plaintiffs' use and enjoyment of their homes.   The Defendant's conduct consisted among other things:

a.       Vibrations from the heavy machinery and equipment used in the exploration and production activities in the leased property adjacent to the Plaintiffs' homes; and

b.       Lights, equipment and drilling noise, obnoxious odors and gas fumes, dust, constant pipe hissing, and pressure releases.

4.15    The Defendants' Drilling Activities were performed in an inappropriate place creating an abnormally dangerous situation, which caused an unreasonably great risk to the surrounding Plaintiffs.

**Well #7 Name: TM West #85 (API 42-215-33995)**

4.16    **Defendant, Fidelity** hired Innodrill LLC to drill well: *TM West #85 (API 42-215-33995)*. The Drilling Activities were commenced on *May 24, 2011* and the drilling phase and all service activities were completed on *June 9, 2011*.  In addition**,** Halliburton Company conducted services during the drilling and exploration phase of the

project and provided the cement and casing services for the oil well during the month of work on this well. Plaintiffs and their families were subjected to the Drilling Activities on a constant basis for 24 hours and seven days a week for approximately two weeks. Defendant's Drilling Activities substantially affected, in an unreasonable manner, Plaintiffs' use and enjoyment of their homes.  The Defendant's conduct consisted among other things:

a.      Vibrations from the heavy machinery and equipment used in the exploration and production activities in the leased property adjacent to the Plaintiffs' homes; and

b.      Lights, equipment and drilling noise, obnoxious odors and gas fumes, dust, constant pipe hissing, and pressure releases.

4.17   The Defendants' Drilling Activities were performed in an inappropriate place creating an abnormally dangerous situation, which caused an unreasonably great risk to the surrounding Plaintiffs.

**Well #8 Name: TM West #82 (API 42-215-33999)**

4.18   **Defendant, Fidelity** hired Innodrill LLC to drill well: *TM West #82 (API 42-215-33999)*.  The Drilling Activities were commenced on *June 12, 2011* and the Drilling Activities were completed on *July 2, 2011*.  In addition**,** Halliburton Company conducted services during the drilling and exploration phase of the project and provided the cement and casing services for the oil well during the month of work on this well. Plaintiffs and their families were subjected to the drilling and exploration activities on a constant basis for 24 hours and seven days a week for approximately three weeks. Defendant's Drilling Activities substantially affected, in an unreasonable manner,

Plaintiffs' use and enjoyment of their homes.  The Defendant's conduct consisted among other things:

a.      Vibrations from the heavy machinery and equipment used in the exploration and production activities in the leased property adjacent to the Plaintiffs' homes; and

b.      Lights, equipment and drilling noise, obnoxious odors and gas fumes, dust, constant pipe hissing, and pressure releases.

4.19   The Defendants' Drilling Activities were performed in an inappropriate place creating an abnormally dangerous situation, which caused an unreasonably great risk to the surrounding Plaintiffs.

**Well #9 Name: TM West #90 (API 42-215-34004)**

4.20   **Defendant, Fidelity** hired Innodrill LLC to drill well: *TM West #90 (API 42-215-34004)*. The Defendant's Drilling Activities were commenced on *July 30, 2011* and the drilling phase and all service activities were completed on *August 23, 2011*.  In addition**,** Halliburton Company conducted services during the drilling and exploration phase of the project and provided the cement and casing services for the oil well during the month of work on this well.  Plaintiffs and their families were subjected to the Drilling Activities on a constant basis for 24 hours and seven days a week for approximately three weeks.  Defendant's Drilling Activities substantially affected, in an unreasonable manner, Plaintiffs' use and enjoyment of their homes.  The Defendant's conduct consisted among other things:

a.      Vibrations from the heavy machinery and equipment used in the exploration and production activities in the leased property adjacent to the Plaintiffs' homes; and

b.      Lights, equipment and drilling noise, obnoxious odors and gas fumes, dust, constant pipe hissing, and pressure releases.

4.21    The Defendants' Drilling Activities were performed in an inappropriate place creating an abnormally dangerous situation, which caused an unreasonably great risk to the surrounding Plaintiffs.

**Well #10 Name: Everett Bell #6 (API 42-215-34014)**

4.22    In March 2011, **Defendant, Fidelity** hired Innodrill LLC to drill well: *Everett Bell #6 (API 42-215-34014)*. The Drilling Activities commenced on *September 9, 2011* and the drilling phase and all service activities were completed on *November 30, 2011*. In addition**,** Halliburton Company conducted services during the drilling and exploration phase of the project and provided the cement and casing services for the oil well during the two and a half months of work on this well   Further, Maverick Directional Services conducted services during the drilling and exploration phase of the project and provided the directional drilling services for the oil well during the two and a half months of work on this well.  Plaintiffs and their families were subjected to the Drilling Activities on a constant basis for 24 hours and seven days a week for approximately two and a half months. Defendant's Drilling Activities substantially affected, in an unreasonable manner, Plaintiffs' use and enjoyment of their homes.  The Defendant's conduct consisted among other things:

a.     Vibrations from the heavy machinery and equipment used in the exploration and production activities in the leased property adjacent to the Plaintiffs' homes; and

b.     Lights, equipment and drilling noise, obnoxious odors and gas fumes, dust, constant pipe hissing, and pressure releases.

4.23    The Defendants' Drilling Activities were performed in an inappropriate place creating an abnormally dangerous situation, which caused an unreasonably great risk to the surrounding Plaintiffs.

**Well #11 Name: Everett Bell #7 (API 42-215-34015)**

4.24    In March 2011, **Defendant, Fidelity** hired Innodrill LLC to drill well: *Everett Bell #7 (API 42-215-34015).* The Drilling Activities commenced on *December 1, 2011* and the drilling phase and all service activities were completed on *February 8, 2012*. In addition**,** Halliburton Company conducted services during the drilling and exploration phase of the project and provided the cement and casing services for the oil well during the two months of work on this well.  Further, Maverick Directional Services conducted services during the drilling and exploration phase of the project and provided the directional drilling services for the oil well during the two months of work on this well. Plaintiffs and their families were subjected to the Drilling Activities on a constant basis for 24 hours and seven days a week for approximately two months.  Defendant's Drilling Activities substantially affected, in an unreasonable manner, Plaintiffs' use and enjoyment of their homes.  The Defendant's conduct consisted among other things:

a.      Vibrations from the heavy machinery and equipment used in the exploration and production activities in the leased property adjacent to the Plaintiffs' homes; and

b.      Lights, equipment and drilling noise, obnoxious odors and gas fumes, dust, constant pipe hissing, and pressure releases.

4.25    The Defendants' Drilling Activities were performed in an inappropriate place creating an abnormally dangerous situation, which caused an unreasonably great risk to the surrounding Plaintiffs.

4.26    Since 2010, the Plaintiffs and their families and their homes have been subjected to the oil and gas exploration and production in the area adjacent to their homes. The Defendants have continued to drill and conduct other activities in the area that continue to substantially affect the Plaintiffs' use and enjoyment of their homes.

## V.  NEGLIGENCE

**b.      Negligence by Defendant**

5.1     Plaintiffs hereby incorporate the factual basis for their claim as stated in the section IV of this petition.

5.2     Defendant owed a duty to exercise reasonable care in their Drilling Activities so as to not substantially interfere in the Plaintiffs' use and enjoyment of their homes as a result of their oil and natural gas exploration and production drilling operations.  Defendant's breached this duty by causing Plaintiffs' loss in market value or loss of use.  Plaintiffs' physical well being, personal injuries, and the loss of use and enjoyment of their property were caused by the Defendant. The damages to the Plaintiffs' use and enjoyment of their homes were discovered several weeks after the drilling and

service activities commenced in and around the neighborhood. Plaintiffs assert that the discovery rule applies to the plaintiffs claim for negligence and nuisance. As the direct and proximate result of all Defendant's negligent conduct in performing oil drilling, exploration, and production in the adjoining land in Penitas, Texas, Plaintiffs' property was damaged, as set out in paragraph VIII below. The amount of damage, in terms of a dollar value, is unknown at this time. However, it exceeds the minimum jurisdictional requirements of this Court.

## VI. GROSS NEGLIGENCE

6.1     Plaintiffs hereby incorporate the factual basis for their claim as stated in the Section IV of this petition.

6.2     Defendant's conduct in performing the oil drilling, exploration, and production was grossly negligent, in that, when viewed objectively from the standpoint of Defendant at the time of the act or omission, the conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, in that Defendant had actual, subjective awareness of the risk involved, but, nevertheless, proceeded with the conscious indifference to the rights, safety, or welfare of others. Defendant had been extremely negligent and allowed pipe sections to fly through the air and land on one of the Plaintiffs front yard. In addition, the drilling has caused an unknown gaseous element to enter through the floor of one of the Plaintiffs' homes. This conduct arises to the extreme disregard for the safety and well being of the Plaintiffs.

6.3     As the direct and proximate result of all Defendant's gross negligent conduct in performing oil drilling, exploration, and production in the adjoining land in Penitas, Texas, Plaintiffs' use and enjoyment of their homes was substantially affected in

an unreasonable manner and the Plaintiffs were damaged, as set out in paragraph VIII below.   Plaintiffs assert that the discovery rule applies to the plaintiffs claim for negligence, gross negligence, and nuisance.   The amount of damage, in terms of a dollar value, is unknown at this time.   However, it exceeds the minimum jurisdictional requirements of this Court.

## VII. NUISANCE BY DEFENDANT

**A.**      **Nuisance**

7.1      Plaintiffs hereby incorporate the factual basis in Section IV of this petition.

7.2      Defendant's drilling activities were unreasonable and substantially interfered with the Plaintiffs' comfort and entertainment in the use of their homes.

7.3      Defendant's drilling activities were substantial and annoying or discomforting to a person of ordinary sensibilities.

7.4      Defendant's drilling activities caused Plaintiffs' damages in the form of loss in market value or loss of use as well as personal injury in the form of annoyance, discomfort, inconvenience, and other such damages.

B.      **Intentional Nuisance**

7.5      Plaintiffs hereby incorporate the factual basis for their claim as stated in the Section IV of this petition.

7.6      Defendant created a condition that is unreasonable and substantially interfered, and continues to be unreasonable and interferes, with Plaintiffs' use and enjoyment of their property as it affected the Plaintiffs' comfort and contentment.   The Defendant knew that their drilling activities would substantially interfere in the Plaintiffs use and enjoyment of their homes.

24

7.7     Plaintiffs were not allowed to peacefully use and enjoy their home as the oil exploration and production continued for 24 hours and seven days a week.   In addition, Plaintiffs were not able to enjoy their property while the drilling rigs and associated traffic caused enormous dust clouds that covered the Plaintiffs' property. Further, Plaintiffs were never notified of the drilling and their daily lives were severely interrupted during the drilling, exploration, and current production.   Plaintiffs were subjected to constant hissing of pipelines, pipe pressure releases and generator noise at all hour of the day and night.  Plaintiffs have young children that have also suffered from the inability to sleep.

7.8     Defendants did not provide any notice to the Plaintiffs about the commencement of the oil drilling, exploration and production nor did they provide them with any routes of evacuation in the event of any emergency.  The condition created by Defendant on Plaintiffs' property has caused a substantial interference with the Plaintiffs' use and enjoyment of their homes, which is unreasonable and will continue into the future.

7.9     As a result of Defendant's Drilling Activities Plaintiffs suffered sickness, annoyance and discomfort and mental anguish for which they claim damages.

**C.     Negligent Nuisance**

7.10    Plaintiffs hereby incorporate the factual basis for their claim as stated in the Section IV of this petition.

7.11    Defendant owed a duty to exercise reasonable care in their Drilling Activities so as to not substantially interfere in the Plaintiffs' use and enjoyment of their homes as a result of their oil and natural gas exploration and production drilling

operations.

7.12   Plaintiffs were not allowed to peacefully use and enjoy their home as the oil exploration and production continued for 24 hours and seven days a week.   In addition, Plaintiffs were not able to enjoy their property while the drilling rigs and associated traffic caused enormous dust clouds that covered the Plaintiffs' property. Further, Plaintiffs were never notified of the drilling and their daily lives were severely interrupted during the drilling, exploration, and current production.   Plaintiffs were subjected to constant hissing of pipelines, pipe pressure releases and generator noise at all hour of the day and night.   Plaintiffs have young children that have also suffered from the inability to sleep.

7.13   Defendant did not provide any notice to the Plaintiffs about the commencement of the oil drilling, exploration and production nor did they provide them with any routes of evacuation in the event of any emergency.   The condition created by Defendant on Plaintiffs' property has caused a substantial interference with the Plaintiffs' use and enjoyment of their homes, which is unreasonable and will continue into the future.

7.14   Defendant breached of its duty caused Plaintiffs' damages in the form of loss in market value or loss of use and sickness, annoyance and discomfort.

## C.   Strict Liability Nuisance

7.15   Plaintiffs hereby incorporate the factual basis for their claim as stated in the Section IV of this petition.

7.16   The Defendant's Drilling Activities were performed in an inappropriate place creating an abnormally dangerous situation, which caused an unreasonably great

risk to the surrounding Plaintiffs.

7.17    Defendant breached this duty by causing Plaintiffs' loss in market value or loss of use.

7.18    Plaintiffs were not allowed to peacefully use and enjoy their home as the oil exploration and production continued for 24 hours and seven days a week.   In addition, Plaintiffs were not able to enjoy their property while the drilling rigs and associated traffic caused enormous dust clouds that covered the Plaintiffs' property. Further, Plaintiffs were never notified of the drilling and their daily lives were severely interrupted during the drilling, exploration, and current production.   Plaintiffs were subjected to constant hissing of pipelines, pipe pressure releases and generator noise at all hour of the day and night.  Plaintiffs have young children that have also suffered from the inability to sleep.

7.19    Defendant did not provide any notice to the Plaintiffs about the commencement of the oil drilling, exploration and production nor did they provide them with any routes of evacuation in the event of any emergency.  The condition created by Defendant on Plaintiffs' property has caused a substantial interference with the Plaintiffs' use and enjoyment of their homes, which is unreasonable and will continue into the future.

7.20    Defendant's conduct caused Plaintiffs' damages in the form of loss in market value or loss of use and sickness, annoyance and discomfort and mental anguish.

## VIII. DAMAGES

8.1    Plaintiffs reside to the north boundary and south boundary of Defendant's oil drilling, exploration and production sites.  As a result of Defendant's negligence and

nuisance, Plaintiffs' use and enjoyment of their homes was substantially interfered with thereby causing homes damages as set out in Paragraphs 7.1 thru 7.20.

## X. PRAYER

For the reasons stated, Plaintiffs request that Defendant be cited to appear and answer, and that on final trial, Plaintiffs have the following:

1.   Judgment against Defendant for an amount within the jurisdictional limits of the Court.

2.   Actual damages.

3.   Consequential and Special Damages.

4.   Prejudgment interest as provided by law.

5.   Awards of exemplary damages against Defendant in a sum determined by the trier of fact.

6.   Post-judgment interest as provided by law.

7.   Costs of suit.

8.   Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

JOSE W. HERNANDEZ
State Bar No. 24036764
Federal ID No. 33464
206 West Stubbs Street
Edinburg, Texas 78539
Tel:  (956) 603-2058
Fax:  (956) 467-4571

ATTORNEY IN CHARGE FOR PLAINTIFFS

**GARCIA & MARTINEZ, L.L.P.**
6900 N. 10th Street, Suite 2
McAllen, Texas 78504

Telephone: 956-624-0455
Telecopier: 956-624-0487

/s/ Adrian R. Martinez
**ADRIAN R. MARTINEZ**
State Bar No. 13137600


**LAW OFFICE OF REYNALDO ORTIZ, LP**
1305 E Nolana Ave, Suite F
McAllen, Texas 78504
Telephone: 956-687-4567
Fax:  956-6331-1384

/s/ Reynaldo Ortiz
REYNALDO ORTIZ
State Bar No. 15324275



OF COUNSEL:

      **Law Office of Reynaldo Ortiz, LP**
      **Garcia & Martinez, LLP**




## CERTIFICATE OF SERVICE

      I certify that a copy of *Plaintiffs' First Amended Complaint* was served on Daniel Koenke, who is the attorney in charge for Defendant, Fidelity Exploration and Production Company, and whose address is Ellis, Koenke, Ramirez & Bishop, 1101 Chicago, McAllen, Texas 78501, by the Court's ECF system on September 6, 2018.


_____
JOSE W. HERNANDEZ